FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

JUN 5 2024

BY _____ JM _____
DEPUTY CLERK



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | NO. _3:24-cr-00116_ |
| v. | ) | |
| | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 922(a)(1)(A) |
| | ) | 18 U.S.C. § 922(a)(3) |
| | ) | 18 U.S.C. § 922(a)(5) |
| [1] DASHAWN GRAY | ) | 18 U.S.C. § 922(a)(6) |
| | ) | 18 U.S.C. § 923(a) |
| [2] JAMARYL SPAULDING | ) | 18 U.S.C. § 924 |
| | ) | 18 U.S.C. § 932 |
| [3] DARRELL EVANS | ) | 18 U.S.C. § 933 |

# I N D I C T M E N T

## COUNT ONE

(Weapons Trafficking Conspiracy—18 U.S.C. § 933)

THE GRAND JURY CHARGES:

1.      Beginning not later than in or about September 2020, the exact date being unknown to the Grand Jury, and continuing through at least in or about October 2023, in the Middle District of Tennessee and elsewhere, the defendants, **[1] DASHAWN GRAY**, **[2] JAMARYL SPAULDING,** and **[3] DARRELL EVANS**, together with others known and unknown to the Grand Jury, did knowingly attempt and conspire to: (a) ship, transport, transfer, cause to be transported, and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony; and (b) receive from another person one or more firearms, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that such receipt would constitute a felony, as

defined in Title 18, United States Code, Section 932(a).

In violation of Title 18, United States Code, Sections 933(a)(3) and (b).

## COUNT TWO

(Conspiracy to Commit Offenses Against the United States—18 U.S.C. § 371)

THE GRAND JURY FURTHER CHARGES:

### Purpose of the Conspiracy

2.      Beginning not later than in or about September 2020, the exact date being unknown to the Grand Jury, and continuing through at least on or about October 17, 2023, in the Middle District of Tennessee and elsewhere, the defendants, **[1] DASHAWN GRAY, [2] JAMARYL SPAULDING,** and **[3] DARRELL EVANS,** did knowingly combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, including, but not limited to:

a)      knowingly engaging in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 923;

b)      illegal transportation or receipt of a firearm purchased or acquired outside of their state of residency, in violation of Title 18, United States Code, Section 922(a)(3);

c)      transferring a firearm to an out of state resident, in violation of Title 18, United States Code, Section 922(a)(5);

d)      false statements during the purchase of a firearm, in violation of Title 18, United States Code, Section 922(a)(6);

e)      straw purchasing firearms, in violation of Title 18, United States Code, Section 932; and

f)      the transportation, transfer, and disposal of firearms to another person, in

2

and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, as defined in Title 18, United States Code, Section 932(a), in violation of Title 18, United States Code, Section 933.

3. By engaging in the business of dealing firearms without a license, **[1] DASHAWN GRAY, [2] JAMARYL SPAULDING,** and **[3] DARRELL EVANS,** were able to conceal the nature of their firearms transactions from federal authorities because these transactions were not recorded and subject to inspection and audit.

4. Furthermore, **[1] DASHAWN GRAY, [2] JAMARYL SPAULDING,** and **[3] DARRELL EVANS,** were able to profit and enrich themselves and each other from the unrecorded transactions or obtain firearms unlawfully.

<u>Manner and Means</u>

5. It was part of the conspiracy that **[1] DASHAWN GRAY,** and other individuals known and unknown to the Grand Jury, would purchase firearms from federal firearms licensees ("FFL" or "FFLs") with the intent of reselling the firearms to **[2] JAMARYL SPAULDING, [3] DARRELL EVANS,** and other individuals.

6. It was further part of the conspiracy that **[1] DASHAWN GRAY** and other individuals known and unknown to the Grand Jury offered to sell the firearms to **[2] JAMARYL SPAULDING** and **[3] DARRELL EVANS.**

7. It was further part of the conspiracy that **[1] DASHAWN GRAY** and other individuals known and unknown to the Grand Jury then shipped those firearms in interstate commerce to **[2] JAMARYL SPAULDING** and **[3] DARRELL EVANS,** and other individuals known and unknown to the Grand Jury.

3

<u>Overt Acts</u>

8.      In furtherance of the conspiracy, and to accomplish the object and purpose of the conspiracy, at least one co-conspirator committed and caused to be committed, various acts in the Middle District of Tennessee and elsewhere, including, but not limited to, the following:

A.      On or about September 15, 2020, **[1] DASHAWN GRAY** purchased a Glock 43, 9mm pistol bearing Serial Number AEUW187 from a federal firearms licensee located in Murfreesboro, Tennessee.

B.      On or about September 15, 2020, **[1] DASHAWN GRAY** posted on ArmsList, a website used to buy and sell firearms, that he had a brand-new Glock for sale for "$500 comes with box+2clips+clip holds 10."

C.      On or about August 15, 2021, **[1] DASHAWN GRAY** took a photo of a Springfield pistol frame and a Springfield XD .45 Mod 2 pistol slide.

D.      On or about August 16, 2021, **[1] DASHAWN GRAY** shipped two packages containing firearms to **[3] DARRELL EVANS's** home address in California.

E.      On or about August 29, 2021, **[3] DARRELL EVANS**, using his CashApp account with the username "Darrell," sent **[1] DASHAWN GRAY** $150. Later that same day, **[1] DASHAWN GRAY** purchased an eighteen-round extended magazine for a Glock from a firearms accessories and ammunition company located in the Middle District of Tennessee.

F.      On or about August 30, 2021, **[1] DASHAWN GRAY** took a photo of a Taurus pistol and a Smith and Wesson MP pistol in a display case with price tags, and a photo of a micro-Draco type pistol. Later this same day, **[1] DASHAWN GRAY** took a

4

photo of a shipping receipt for a package he shipped to **[3] DARRELL EVANS**.

G.    On or about September 1, 2021, **[1] DASHAWN GRAY** purchased a Glock 26, 9mm pistol, which **[2] JAMARYL SPAULDING** was arrested with in September 2022.

H.    On or about September 2, 2021, **[3] DARRELL EVANS** sent **[1] DASHAWN GRAY** $950 via CashApp.

I.    On or about September 3, 2021, **[1] DASHAWN GRAY** purchased a Taurus G2C 9mm pistol from a federal firearms licensee in Murfreesboro.

J.    On or about September 11, 2021, **[1] DASHAWN GRAY** purchased another Taurus G2C 9mm pistol from the same federal firearms licensee in Murfreesboro that he, **[1] DASHAWN GRAY,** purchased a Taurus G2C 9mm pistol from on September 3, 2021.

K.    On or about September 14, 2021, **[1] DASHAWN GRAY** took a screenshot of a text exchange between himself and **[3] DARRELL EVANS** that had occurred on August 29, 2021, in which **[3] DARRELL EVANS** directed **[1] DASHAWN GRAY** to ship firearms to **[3] DARRELL EVANS's** address in Los Angeles, California.

L.    On or about October 9, 2021, **[3] DARRELL EVANS** sent **[1] DASHAWN GRAY** $430 via Cash App.

M.    On or about October 20, 2021, **[1] DASHAWN GRAY** purchased a Ruger LCP, .380 pistol from a federal firearms licensee located in the Middle District of Tennessee.

N.    On or about October 27, 2021, and again on or about November 1, 2021, **[3] DARRELL EVANS** sent **[1] DASHAWN GRAY** $430 via Cash App.

5

O.    On or about November 17, 2021, **[1] DASHAWN GRAY** purchased another Ruger LCP, .380 pistol from a federal firearms licensee located in Smyrna, Tennessee. Later that same day, **[1] DASHAWN GRAY** shipped a package to **[3] DARRELL EVANS's** address in Los Angeles that **[1] DASHAWN GRAY** again described as car parts.

P.    On December 6, 2021, **[1] DASHAWN GRAY** took screenshots of several pistols for sale on a federal firearms licensee's website, including a Ruger EC9S and a SCCY CPX-2, and **[1] DASHAWN GRAY** and **[3] DARRELL EVANS** exchanged five (5) text messages with one another.

Q.    On or about December 7, 2021, **[1] DASHAWN GRAY** purchased a Ruger EC9S, 9mm pistol from a federal firearms licensee located in the Middle District of Tennessee and exchanged twenty-two (22) calls and/or text messages with **[3] DARRELL EVANS**.

R.    On or about December 9, 2021, **[1] DASHAWN GRAY** purchased a SCCY CPX-2, 9mm from a federal firearms licensee located in the Middle District of Tennessee and exchanged eleven (11) calls and/or text messages with **[3] DARRELL EVANS**, who sent **[1] DASHAWN GRAY** $1,550 via Cash App following their last text exchange.

S.    On or about January 28, 2022, **[1] DASHAWN GRAY** took a photo of a Glock pistol in a display case at a federal firearms licensee, purchased a Glock 17, 9mm pistol from that federal firearms licensee, and exchanged four (4) text messages and/or phone calls with **[3] DARRELL EVANS**.

T.    On April 4, 2022, **[3] DARRELL EVANS** sent **[1] DASHAWN GRAY** $400 via CashApp

6

U.   On or about April 8, 2022, **[3] DARRELL EVANS** sent **[1] DASHAWN GRAY** an additional $1,400 via CashApp and the two co-conspirators exchanged eight (8) calls and/or text messages.

V.   On or about April 9, 2022, **[1] DASHAWN GRAY** purchased a CZ Scorpion EVO, 9mm pistol from a federal firearms licensee in the Middle District of Tennessee and exchanged fifteen (15) calls and/or text messages with **[3] DARRELL EVANS**.

W.   On April 20, 2022, **[1] DASHAWN GRAY** and **[3] DARRELL EVANS** exchanged five (5) text messages with one another and **[1] DASHAWN GRAY** and/or an unindicted co-conspirator mailed a package to **[3] DARRELL EVANS's** residence in Los Angeles.

X.   On or about June 22, 2022, law enforcement recovered a Taurus G2C 9mm pistol purchased by **[1] DASHAWN GRAY** in Murfreesboro, Tennessee at a crime scene in West Hollywood, California.

Y.   On or about July 7, 2022, **[1] DASHAWN GRAY** and **[2] JAMARYL SPAULDING** exchanged text messages regarding six firearms **[1] DASHAWN GRAY** had available for **[2] JAMARYL SPAULDING** to purchase, as well as the associated prices of those firearms.

Z.   On or about July 14, 2022, **[2] JAMARYL SPAULDING** sent **[1] DASHAWN GRAY** $910 via CashApp. **[2] JAMARYL SPAULDING** and **[1] DASHAWN GRAY** then coordinated the delivery of the firearms to Illinois and **[2] JAMARYL SPAULDING** informed **[1] DASHAWN GRAY** that he was on probation.

AA.   On or about July 15, 2022, **[1] DASHAWN GRAY** purchased a Glock 27,

7

.40 caliber pistol from a federal firearms licensee in the middle District of Tennessee.

BB.     On or about July 15, 2022, **[1] DASHAWN GRAY** took a picture of firearms in the case of a federal firearms licensee and shipped a package to **[2] JAMARYL SPAULDING**'s address in Romeoville, Illinois. Later that same day, **[2] JAMARYL SPAULDING** and **[1] DASHAWN GRAY** communicated via text message regarding the package containing a Glock 19 firearm that would be arriving at **[2] JAMARYL SPAULDING**'s address in Romeoville, Illinois, in the next few days.

CC.     On or about July 20, 2022, **[1] DASHAWN GRAY** and **[2] JAMARYL SPAULDING** again engaged in a text message conversation regarding the purchase of firearms and **[1] DASHAWN GRAY's** shipment of firearms to purchasers in California and Florida.

DD.     On or about July 25, 2022, **[3] DARRELL EVANS** sent **[1] DASHAWN GRAY** $900 via CashApp.

EE.     On or about July 29, 2022, **[1] DASHAWN GRAY** and **[2] JAMARYL SPAULDING** exchanged text messages regarding the sale of another firearm that **[2] JAMARYL SPAULDING** was acquiring for a third party.

FF.     From on or about August 7, 2022, to on or about August 19, 2022, **[1] DASHAWN GRAY** and **[2] JAMARYL SPAULDING** negotiated the prices of various firearms.

GG.     On or about August 31, 2022, **[3] DARRELL EVANS** and **[1] DASHAWN GRAY** exchanged twenty-two (22) calls/text messages and **[3] DARRELL EVANS** sent **[1] DASHAWN GRAY** $1,500 via Cash App.

HH.     On or about September 1, 2022, **[1] DASHAWN GRAY** took several

8

photos of firearms in a gun store and exchanged 50 calls and/or text messages with **[3] DARRELL EVANS**.

II. On or about September 6, 2022, **[1] DASHAWN GRAY** and **[3] DARRELL EVANS** exchanged forty (40) calls/text messages and **[1] DASHAWN GRAY** took a photo of a shipping receipt showing two (2) packages being shipped to **[3] DARRELL EVANS**'s address in Los Angeles California.

JJ. On September 21, 2022, the Chicago Police Department recovered a Glock 26 firearm during the arrest of **[2] JAMARYL SPAULDING** which **[1] DASHAWN GRAY** purchased from a federal firearms licensee located in the Middle District of Tennessee in September 2021.

KK. On or about January 17, 2023, **[2] JAMARYL SPAULDING** contacted **[1] DASHAWN GRAY** and asked whether **[1] DASHAWN GRAY** had any Draco style pistols for sale that **[2] JAMARYL SPAULDING** could purchase for his brother. **[1] DASHAWN GRAY** indicated that he did have Draco style firearms for sale, and it would cost $900 for a mini-Draco and $1,200 for a full-size Draco.

LL. On or about May 23, 2023, a Glock 43 9mm pistol originally purchased from a federal firearms licensee located in Murfreesboro, Tennessee, was recovered from a crime scene in Los Angeles, California.

MM. From on or about July 24, 2023, to on or about August 1, 2023, **[2] JAMARYL SPAULDING** and **[1] DASHAWN GRAY** negotiated the purchase of additional firearms.

NN. On or about July 24, 2023, **[2] JAMARYL SPAULDING** sent $950 to **[1] DASHAWN GRAY's** girlfriend on a mobile payment application and labeled the

9

transaction "rent" in the notes section.

OO.     On or about July 30, 2023, **[1] DASHAWN GRAY** purchased a Glock 29 from a federal firearms licensee which **[2] JAMARYL SPAULDING** was arrested carrying fifty-four days later, on or about September 22, 2023.

PP.     On or about August 1, 2023, **[2] JAMARYL SPAULDING** sent **[1] DASHAWN GRAY** the address he could ship the firearm to in Chicago and that **[2] JAMARYL SPAULDING** could be listed as the recipient on the package.

QQ.     From on or about August 3, 2023, to August 9, 2023, **[2] JAMARYL SPAULDING** and **[1] DASHAWN GRAY** coordinated the purchase and shipment of another firearm.

RR.     On or about August 9, 2023, **[1] DASHAWN GRAY** purchased a Glock 23, .40 caliber pistol from a federal firearms licensee located in the Middle District of Tennessee, which was recovered on or about December 13, 2023, in Hazel Crest, Illinois as the possessor fled from police in a stolen vehicle.

SS.     On or about September 22, 2023, Chicago Police Department officers observed **[2] JAMARYL SPAULDING** with a firearm extending from the pocket of his windbreaker. Officers detained **[2] JAMARYL SPAULDING,** recovered a Glock 23 that he threw while fleeing officers. **[1] DASHAWN GRAY** had previously purchased the Glock 23 from a federal firearms licensee located in the Middle District of Tennessee on or about July 30, 2023.

TT.     On or about October 9, 2023, **[1] DASHAWN GRAY** took a photo of a Glock 26, 9mm pistol. Trace results for this firearm reveal that this firearm was purchased by a woman who is/was a romantic partner of **[1] DASHAWN GRAY.**

10

UU. On October 17, 2023, **[1] DASHAWN GRAY** purchased a Taurus G2C, 9mm pistol from a federal firearms licensee located in the Middle District of Tennessee. **[1] DASHAWN GRAY** then communicated with an individual saved in his phone as "El Chapo," who directed **[1] DASHAWN GRAY** to ship the firearm to an address in Los Angeles, California.

All in violation of Title 18, United States Code, Section 371.

## COUNT THREE

(Engaging in Business Without a License (Firearms)—18 U.S.C. § 922(a)(1))

THE GRAND JURY FURTHER CHARGES:

Beginning not later than in or about September 2020, the exact date being unknown to the Grand Jury, through on or about October 17, 2023, in the Middle District of Tennessee and elsewhere, **[1] DASHAWN GRAY**, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

11

## COUNT FOUR

(False Statement During Purchase of a Firearm—18 U.S.C. § 922(a)(6))

THE GRAND JURY FURTHER CHARGES:

On or about September 15, 2020, in the Middle District of Tennessee, the defendant, **[1] DASHAWN GRAY**, in connection with the acquisition of a firearm, to wit, a Glock 43, 9mm pistol, Serial Number AEUW187, from On Target Shooting Sports, a FFL licensed under Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to On Target Shooting Sports, which statement was intended and likely to deceive On Target Shooting Sports, as to a fact material to the lawfulness of the sale and acquisition of said firearm to **[1] DASHAWN GRAY** under Chapter 44 of Title 18, United States Code, in that **[1] DASHAWN GRAY** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] DASHAWN GRAY** was the transferee and buyer of said firearm, when in fact, **[1] DASHAWN GRAY** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT FIVE

(False Statement During Purchase of a Firearm—18 U.S.C. § 922(a)(6))

THE GRAND JURY FURTHER CHARGES:

On or about September 1, 2021, in the Middle District of Tennessee, the defendant, **[1] DASHAWN GRAY**, in connection with the acquisition of a firearm, to wit, a Glock 26, 9mm pistol, Serial Number AFPL919, from Bullseye Gun and Range, a FFL licensed under Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to Bullseye Gun and Range, which statement was intended and likely to deceive Bullseye Gun and Range, as to a fact material to the lawfulness of the sale and acquisition of said firearm to **[1] DASHAWN**

12

**GRAY** under Chapter 44 of Title 18, United States Code, in that **[1] DASHAWN GRAY** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] DASHAWN GRAY** was the transferee and buyer of said firearm, when in fact, **[1] DASHAWN GRAY** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT SIX

(False Statement During Purchase of a Firearm—18 U.S.C. § 922(a)(6))

THE GRAND JURY FURTHER CHARGES:

On or about September 3, 2021, in the Middle District of Tennessee, the defendant, **[1] DASHAWN GRAY**, in connection with the acquisition of a firearm, to wit, a Taurus G2C, 9mm pistol, Serial Number ACH12125, from Outpost Armory, a FFL licensed under Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to Outpost Armory, which statement was intended and likely to deceive Outpost Armory, as to a fact material to the lawfulness of the sale and acquisition of said firearm to **[1] DASHAWN GRAY** under Chapter 44 of Title 18, United States Code, in that **[1] DASHAWN GRAY** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] DASHAWN GRAY** was the transferee and buyer of said firearm, when in fact, **[1] DASHAWN GRAY** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

13

# COUNT SEVEN

(False Statement During Purchase of a Firearm—18 U.S.C. § 922(a)(6))

THE GRAND JURY FURTHER CHARGES:

On or about September 11, 2021, in the Middle District of Tennessee, the defendant, **[1] DASHAWN GRAY**, in connection with the acquisition of a firearm, to wit, a Smith & Wesson M&P 9 Shield, 9mm pistol, Serial Number JHD7485, from On Target Shooting Sports, a FFL licensed under Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to On Target Shooting Sports, which statement was intended and likely to deceive On Target Shooting Sports, as to a fact material to the lawfulness of the sale and acquisition of said firearm to **[1] DASHAWN GRAY** under Chapter 44 of Title 18, United States Code, in that **[1] DASHAWN GRAY** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] DASHAWN GRAY** was the transferee and buyer of said firearm, when in fact, **[1] DASHAWN GRAY** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

14

## COUNT EIGHT

(False Statement During Purchase of a Firearm—18 U.S.C. § 922(a)(6))

THE GRAND JURY FURTHER CHARGES:

On or about October 20, 2021, in the Middle District of Tennessee, the defendant, **[1] DASHAWN GRAY**, in connection with the acquisition of a firearm, to wit, a Ruger LCP, .380 caliber pistol, Serial Number 379025881, from Outpost Armory, a FFL licensed under Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to Outpost Armory, which statement was intended and likely to deceive Outpost Armory, as to a fact material to the lawfulness of the sale and acquisition of said firearm to **[1] DASHAWN GRAY** under Chapter 44 of Title 18, United States Code, in that **[1] DASHAWN GRAY** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] DASHAWN GRAY** was the transferee and buyer of said firearm, when in fact, **[1] DASHAWN GRAY** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT NINE

(False Statement During Purchase of a Firearm—18 U.S.C. § 922(a)(6))

THE GRAND JURY FURTHER CHARGES:

On or about November 17, 2021, in the Middle District of Tennessee, the defendant, **[1] DASHAWN GRAY**, in connection with the acquisition of a firearm, to wit, a Ruger LCP, .380 caliber pistol, Serial Number 379012161, from Academy Sports and Outdoors, a FFL licensed under Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports and Outdoors, which statement was intended and likely to deceive Academy Sports and Outdoors, as to a fact material to the lawfulness of the sale and acquisition

15

of said firearm to **[1] DASHAWN GRAY** under Chapter 44 of Title 18, United States Code, in that **[1] DASHAWN GRAY** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] DASHAWN GRAY** was the transferee and buyer of said firearm, when in fact, **[1] DASHAWN GRAY** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT TEN

(False Statement During Purchase of a Firearm—18 U.S.C. § 922(a)(6))

THE GRAND JURY FURTHER CHARGES:

On or about December 7, 2021, in the Middle District of Tennessee, the defendant, **[1] DASHAWN GRAY**, in connection with the acquisition of a firearm, to wit, a Ruger EC9S, 9mm pistol, Serial Number 461-18912, from Academy Sports and Outdoors, a FFL licensed under Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports and Outdoors, which statement was intended and likely to deceive Academy Sports and Outdoors, as to a fact material to the lawfulness of the sale and acquisition of said firearm to **[1] DASHAWN GRAY** under Chapter 44 of Title 18, United States Code, in that **[1] DASHAWN GRAY** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] DASHAWN GRAY** was the transferee and buyer of said firearm, when in fact, **[1] DASHAWN GRAY** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

16

COUNT ELEVEN

(False Statement During Purchase of a Firearm—18 U.S.C. § 922(a)(6))

THE GRAND JURY FURTHER CHARGES:

On or about December 9, 2021, in the Middle District of Tennessee, the defendant, **[1] DASHAWN GRAY**, in connection with the acquisition of a firearm, to wit, a SCCY CPX-2, 9mm pistol, Serial Number C148951, from Academy Sports and Outdoors, a FFL licensed under Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports and Outdoors, which statement was intended and likely to deceive Academy Sports and Outdoors, as to a fact material to the lawfulness of the sale and acquisition of said firearm to **[1] DASHAWN GRAY** under Chapter 44 of Title 18, United States Code, in that **[1] DASHAWN GRAY** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] DASHAWN GRAY** was the transferee and buyer of said firearm, when in fact, **[1] DASHAWN GRAY** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

COUNT TWELVE

(False Statement During Purchase of a Firearm—18 U.S.C. § 922(a)(6))

THE GRAND JURY FURTHER CHARGES:

On or about January 28, 2022, in the Middle District of Tennessee, the defendant, **[1] DASHAWN GRAY**, in connection with the acquisition of a firearm, to wit, a Glock 17, 9mm pistol bearing Serial Number BUFZ939, from Academy Sports and Outdoors, a FFL licensed under Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to Academy Sports and Outdoors, which statement was intended and likely to deceive Academy Sports and Outdoors, as to a fact material to the lawfulness of the sale and acquisition

17

of said firearm to **[1] DASHAWN GRAY** under Chapter 44 of Title 18, United States Code, in that **[1] DASHAWN GRAY** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] DASHAWN GRAY** was the transferee and buyer of said firearm, when in fact, **[1] DASHAWN GRAY** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

<u>COUNT THIRTEEN</u>

(False Statement During Purchase of a Firearm—18 U.S.C. § 922(a)(6))

THE GRAND JURY FURTHER CHARGES:

On or about April 9, 2022, in the Middle District of Tennessee, the defendant, **[1] DASHAWN GRAY**, in connection with the acquisition of a firearm, to wit, a CZ Scorpion EVO, 9mm pistol, Serial Number F358116, from Outpost Armory, a FFL licensed under Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to Outpost Armory, which statement was intended and likely to deceive Outpost Armory, as to a fact material to the lawfulness of the sale and acquisition of said firearm to **[1] DASHAWN GRAY** under Chapter 44 of Title 18, United States Code, in that **[1] DASHAWN GRAY** falsely represented on ATF Form 4473, the Firearms Transaction Record, that **[1] DASHAWN GRAY** was the transferee and buyer of said firearm, when in fact, **[1] DASHAWN GRAY** purchased said firearm for another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

18

## COUNT FOURTEEN

(Transferring a Firearm to an Out-of-State Resident—18 U.S.C. § 922(a)(5))

THE GRAND JURY FURTHER CHARGES:

Between on or about September 15, 2020, and on or about May 22, 2023, in the Middle District of Tennessee and elsewhere, the defendant, **[1] DASHAWN GRAY**, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer, sell, trade, give, transport, and deliver a firearm, to wit, a Glock 43, 9mm pistol bearing Serial Number AEUW187, to an individual outside of the State of Tennessee who was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing that said person was not then residing in the State of Tennessee, the State in which **[1] DASHAWN GRAY** was residing at the time of the aforesaid transfer, sale, trade, giving, transportation, or delivery of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

## COUNT FIFTEEN

(Straw Purchasing a Firearm—18 U.S.C. § 932(b)(3))

THE GRAND JURY FURTHER CHARGES:

On or about July 15, 2022, in the Middle District of Tennessee and elsewhere, the defendant, **[1] DASHAWN GRAY**, did knowingly purchase a firearm, to wit, a Glock 27, .40 caliber pistol bearing Serial Number BWHZ228, in and otherwise affecting interstate and foreign commerce for, on behalf of, and at the request and demand of the defendant, **[2] JAMARYL SPAULDING**, knowing and having reasonable cause to believe that **[2] JAMARYL SPAULDING** intended to sell and otherwise dispose of the firearm knowing and having

19

reasonable cause to believe that receipt of the firearm by **[2] JAMARYL SPAULDING** will constitute a felony, to wit, Title 18, United States Code, Section 922(a)(1)(A) – Engaging in the Business Without a License (Firearms), Title 18, United States Code, Section 922(a)(3) – Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency, Title 18, United States Code, Section 922(a)(5) – Transferring a Firearm to an Out-of-State Resident, and Title 18, United States Code, Section 922(a)(3) – Illegal Transportation or Receipt of a Firearm Purchased or Acquired Outside of Their State of Residency.

In violation of Title 18, United States Code, Section 932(b)(3).

## COUNT SIXTEEN

(Transferring a Firearm to an Out-of-State Resident—18 U.S.C. § 922(a)(5))

THE GRAND JURY FURTHER CHARGES:

Between on or about September 1, 2021, and on or about September 21, 2022, in the Middle District of Tennessee and elsewhere, the defendant, **[1] DASHAWN GRAY**, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer, sell, trade, give, transport, and deliver a firearm, to wit, a Glock 26, 9mm pistol bearing Serial Number AFPL919, to an individual outside of the State of Tennessee who was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing that said person was not then residing in the State of Tennessee, the State in which **[1] DASHAWN GRAY** was residing at the time of the aforesaid transfer, sale, trade, giving, transportation, or delivery of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

20

## COUNT SEVENTEEN

### (Transferring a Firearm to an Out-of-State Resident—18 U.S.C. § 922(a)(5))

THE GRAND JURY FURTHER CHARGES:

Between on or about September 11, 2021, and on or about June 22, 2023, in the Middle District of Tennessee and elsewhere, the defendant, **[1] DASHAWN GRAY**, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer, sell, trade, give, transport, and deliver a firearm, to wit, a Smith & Wesson M&P 9 Shield, 9mm pistol bearing Serial Number JHD7485, to an individual outside of the State of Tennessee who was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing that said person was not then residing in the State of Tennessee, the State in which **[1] DASHAWN GRAY** was residing at the time of the aforesaid transfer, sale, trade, giving, transportation, or delivery of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

## COUNT EIGHTEEN

### (Straw Purchasing a Firearm—18 U.S.C. § 932(b)(3))

THE GRAND JURY FURTHER CHARGES:

On or about July 30, 2023, in the Middle District of Tennessee and elsewhere, the defendant, **[1] DASHAWN GRAY**, did knowingly purchase a firearm, to wit, a Glock 23, .40 caliber pistol bearing Serial Number BYAK168, in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of the defendant, **[2] JAMARYL SPAULDING**, knowing and having reasonable cause to believe that **[2] JAMARYL SPAULDING** intended to sell and otherwise dispose of the firearm knowing and having

21

reasonable cause to believe that receipt of the firearm by **[2] JAMARYL SPAULDING** will constitute a felony, to wit, Title 18, United States Code, Section 922(a)(1)(A) – Engaging in the Business Without a License (Firearms), Title 18, United States Code, Section 922(a)(3) – Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency, Title 18, United States Code, Section 922(a)(5) – Transferring a Firearm to an Out-of-State Resident, and Title 18, United States Code, Section 922(a)(3) – Illegal Transportation or Receipt of a Firearm Purchased or Acquired Outside of Their State of Residency.

In violation of Title 18, United States Code, Section 932(b)(3).

## COUNT NINETEEN

(Transferring a Firearm to an Out-of-State Resident—18 U.S.C. § 922(a)(5))

THE GRAND JURY FURTHER CHARGES:

Between on or about July 30, 2023, and on or about September 22, 2023, in the Middle District of Tennessee and elsewhere, the defendant, **[1] DASHAWN GRAY**, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer, sell, trade, give, transport, and deliver a firearm, to wit, a Glock 23, .40 caliber pistol bearing Serial Number BYAK168, to an individual outside of the State of Tennessee who was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing that said person was not then residing in the State of Tennessee, the State in which **[1] DASHAWN GRAY** was residing at the time of the aforesaid transfer, sale, trade, giving, transportation, or delivery of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

22

## COUNT TWENTY

(Transferring a Firearm to an Out-of-State Resident—18 U.S.C. § 922(a)(5))

THE GRAND JURY FURTHER CHARGES:

Between on or about August 9, 2023, and on or about December 13, 2023, in the Middle District of Tennessee and elsewhere, the defendant, **[1] DASHAWN GRAY**, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer, sell, trade, give, transport, and deliver a firearm, to wit, a Glock 23, .40 caliber pistol bearing Serial Number BZNF746, to an individual outside of the State of Tennessee who was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing that said person was not then residing in the State of Tennessee, the State in which **[1] DASHAWN GRAY** was residing at the time of the aforesaid transfer, sale, trade, giving, transportation, or delivery of said firearm.

In violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

23

## FORFEITURE ALLEGATION

1.     The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2.     Upon conviction of any one of the Counts of the Indictment, the defendants, **[1] DASHAWN GRAY, [2] JAMARYL SPAULDING,** and **[3] DARRELL EVANS** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in a knowing violation of a Title 18 offense as alleged in this Indictment.

A TRUE BILL

FOREPERSON

HENRY C. LEVENTIS
UNITED STATES ATTORNEY

JOSHUA A. KURTZMAN
ASSISTANT UNITED STATES ATTORNEY

24